**NOT FOR PUBLICATION**

```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
                                        :
ROBERT DEFICCIO, et al.,                :    CIVIL ACTION NO. 11-7406 (MLC)
                                        :
        Plaintiffs,                     :    **MEMORANDUM OPINION**
                                        :
        v.                              :
                                        :
WINNEBAGO INDUSTRIES, INC.,             :
                                        :
        Defendant.                      :
                                        :
```

**THE DEFENDANT**, Winnebago Industries, Inc. ("Winnebago"), now moves for summary judgment in its favor and against the plaintiffs, pursuant to Federal Rule of Civil Procedure ("Rule") 56, as to the sole remaining claim for breach of the Settlement Agreement. (See dkt. entry no. 29, Notice of Def. Mot.) The plaintiffs oppose the Motion. (See dkt. entry no. 32, Opp'n Br.)

**THE COURT** earlier described the parties, events giving rise to the remaining claim, and procedural posture of this action in the Court's May 21, 2012 Memorandum Opinion. (See generally dkt. entry no. 14, 5-21-12 Mem. Op.) The Court assumes that the parties are familiar with the contents of the Court's May 21, 2012 Memorandum Opinion and will not repeat them here. (See id.) We now summarize any additional facts deemed germane to the instant dispute.

**WINNEBAGO** argues that it should be granted judgment on the plaintiffs' remaining claim for breach of the Settlement Agreement because there is no genuine issue of material fact as to whether Winnebago breached the Settlement Agreement. (See dkt. entry no. 29-1, Def. Br. at 5.) In particular, Winnebago argues:

> [U]nder the terms of the Settlement Agreement, Defendant Winnebago had only two obligations: (1) paying Plaintiffs $17,500.00 in cash; and (2) performing certain repairs identified in the Settlement Agreement "to commercially reasonable standards". Plaintiffs do not dispute that Winnebago paid the $17,500.00 in settlement funds and that Defendant undertook repairs to the vehicle pursuant to the Settlement Agreement. Therefore, the only issue in dispute is whether Winnebago performed the repairs to the vehicle to "commercially reasonable standards" as contemplated by the Settlement Agreement. As set forth more fully below, Plaintiffs cannot create a genuine issue of material fact because: (1) expert proof is required to demonstrate that the repairs were not performed to "commercially reasonable standards;" (2) the only "expert" proof submitted by Plaintiffs should be disregarded as unreliable; and (3) plaintiffs are not qualified to offer testimony regarding the sufficiency of the repairs. Therefore, Winnebago's motion for summary judgment must be granted.

(Id. at 5-6 (citations omitted).)

**THE COURT** has determined that the issue regarding the reliability of the opinions of plaintiffs' expert witness should be resolved before the Court considers Winnebago's Motion. For good cause appearing, the Court will thus deny Winnebago's

Motion for Summary Judgment without prejudice and direct that Winnebago move to strike the opinions of the plaintiffs' expert witness. See Landis v. N. Am. Co., 299 U.S. 248, 254 (1936) (recognizing Court's inherent power to control the docket); Rolo v. Gen. Dev. Corp., 949 F.2d 695, 702 (3d Cir. 1991) (same). Winnebago may move anew for relief pursuant to Rule 56 following the Court's resolution of the issue regarding the reliability of the expert's opinion.

**THE COURT** will enter an appropriate Order.

        s/ Mary L. Cooper
        **MARY L. COOPER**
        United States District Judge

Dated: January 14, 2014